Gaston J.
 

 A writ was issued from the Superior Court of Law for the County of Caswell, directed to the defendant, Sheriff of the County of Robeson, commanding him to take the body of Robert W. Mason and him safely keep so as to •have him before the said court, at the next term thereof, to' answer to the plaintiff of a plea of debt, which writ came to the hands of-the defendant and was returned “Executed; the' defendant is confined in the jail of my County on a
 
 capias ad satisfacietidiim
 
 issued by a justice of the peace in favou'f of Richard C. Bunting, consequently he cannot at present be carried to Caswell.” Upon this return the Plaintiff took a judgment by default against Mason, and had a Writ of En
 
 *464
 
 quiry of Damages. This writ was afterwards executed, and plaintiff had a final judgment for debt and damages, and sued out a
 
 ca. set.
 
 directed to the defendant, which was by him returned “not to be found.” Thereupon the plaintiff guec[ QUt a
 
 scire facias
 
 against- the defendant as the special bail of Mason, and it was submitted to the court as a question of law upon these facts, whether the defendant had thereby become the special bail of Mason. The court was of opinion that he had not.
 

 We concur in this opinion. The act of 1777, ch. 115 (Revised Stat. Chap. 10, Sect. 1) directs that when a writ shall issue to a sheriff, commanding him to take the body of any person, to answer to any action,, he shall take bond with sufficient sureties in double the sum, for which such person shall be held in arrest, and shall return such bond with the writ; and in case he shall fail'or neglect to take such bail, or the bail be held insufficient, on exception taken and entered, the same term to which such process shall be returnable, the sheriff'having due notice thereof, shall be deemed and stand as special bail. It is further provided by the same act (Rev. St. Ch. 31, Sect. 54,) that when a sheriff shall return that he hath taken the body of the defendant & hath committed him to the prison of his County, which is declared to be the proper place for suph commitment, the plaintiff may enter the defendant’s appearance, and he shall be at liberty to plead, as if such appearance had been entered by himself, and the plaintiff may proceed as in other cases; nevertheless the defendant shall not be discharged out of custody, but by
 
 putting in bail
 
 or by rule of court.
 

 Were these the only legislative enactments bearing upon this case, there could be no plausible ground for charging the defendant as bail. A return by the sheriff that he has executed the. writ and that the body of the defendant is in the prison of his County under other process, is a return that he
 
 keeps
 
 the body of such prisoner thereunder the process so returned and is tantamount to a
 
 commitment
 
 of the body of such defendant to the prison of his county under this process. After such a return all power of the sheriff to take bail is gone. He must keep the prisoner in such prison, until the
 
 *465
 
 prisoner is discharged by “puttingin bail,” or by rale of court. The phrase i;putting in bail,”is one of well ascertained meaning; and. is applicable to the entering of bail to the action, which is done in court after the appearance of defendant in discharge of bail given to the sheriff upon the execution of the writ. If the sheriff release the prisoner or permit him to departfromprison, before such bail is putin as above, or there is a rule of court to discharge him, the sheriff is guilty of an escape.
 

 By the same acta provision is made in favour of bail (See Rev. St. Ch. 10, Sect. 4,) that they may, at any time before final judgment against their principal, surrender him to the court or to the sheriff in the recess of the court, and it is made the duty of the sheriff, when such surrender is made to him, to hold the body of the person so surrendered in custody. Under this act the sheriff could not admit him to bail.
 

 But by the act if 1827, ch. 40, (Rev. St. Ch. 10, Sect. 5,) it is enacted that a person surrendered to the sheriff, after the return court, shall have liberty to give other bail, and it is thereby made the duty of the sheriff to take the same and return the bail bond to the succeeding court; and in case the sheriff shall release such person without bail, or the bail returned be held insufficient on exceptions taken and allowed, the same term to which such bail bond shall be returnable, the sheriff, having due notice thereof, shall be deemed and stand as special bail.
 

 Upon this act a question arises, whether it repeals or changes the enactment in the act of 1777, which makes it imperative on a sheriff, who has executed a writ by committing the person arrested to prison, and has so returned upon the writ, to keep such person in custody, until bail be put in, .or he be discharged by rule of court. Is he by this act. required or authorised to take bail from a person so committed?
 

 We do not feel ourselves authorised so to hold. The Legislature has in terms confined the operation of this act to the case of one, who has been heretofore on bail, and is by such bail surrendered. To this, surrender they have chosen to communicate the qualities and properties of an original arrest.
 
 *466
 
 For one thus surrendered the sheriff is required and authorisec^ to
 
 t3^e
 
 kail- But they have given him no new authority and imposed upon him
 
 no new
 
 duty, with respect to one, W^10 ^as never keen out on kail, but was imprisoned on the original arrest. His case is left — and we must suppose purposely left — under the law theretofore established. He is to obtain his discharge only.“by putting in bail, or by rule of court.” If he be permitted to go at lprge before obtaining such discharge, the sheriff is liable for the escape, but is not responsible as bail.
 

 Per Curiam, Judgment affirmed.